IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03191-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

TORI ANDERSON, and
SCOTT BAKER

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Dismiss. ECF 13. Plaintiff brings this lawsuit against Defendants, police officers for the City of Aurora, Colorado, pursuant to 42 U.S.C. § 1983 claiming violations of his Fourth Amendment constitutional rights. Defendants move for dismissal on the basis of qualified immunity. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. Based upon the record herein and for the reasons that follow, the Court respectfully recommends that the Motion be granted.

## BACKGROUND

For the purposes of this ruling, the Court accepts as true the factual allegations—as opposed to any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis). Plaintiff alleges that on November 26, 2019, he entered a Walmart Super Store to go shopping. ECF 1, ¶ 4, After paying for his items, he was stopped by Walmart employees at the store exit. *Id.* ¶ 5. The Walmart

employees asked to inspect Plaintiff's receipt for his merchandise, but he refused. *Id.* The Walmart employees then held him at the exit and called the Aurora Police, believing that Plaintiff may not have paid for the items. *Id.* ¶¶ 5, 7.

At approximately 7:00 p.m., Defendant Anderson, an Aurora Police Officer, and other officers arrived at the store. *Id.* ¶¶ 6-7. Defendant Anderson approached Plaintiff and asked for his identification, which he provided. *Id.* She then stepped around the corner into the store's loss prevention office and began working with store employees to investigate whether Plaintiff had tried to steal any items. *Id.* ¶¶ 7-9. Plaintiff was initially left with the other officers, but Defendant Baker, another Aurora Police Officer, arrived at the store shortly after and monitored him. *Id.* ¶¶ 7-8. It appears that Plaintiff was never put in handcuffs or otherwise physically restrained, but he understood that he could not leave the store. *Id.* ¶ 7.

During the next hour, Defendant Anderson determined that Plaintiff had purchased all of his items. *Id.* ¶ 9. At some point during that time, Walmart employees allegedly requested that Defendant Anderson issue a private property banning notice against Plaintiff. *Id.* Defendant Anderson returned and informed Plaintiff that she had completed her investigation. *Id.* ¶ 9. She told him that he would not be charged with theft, but he was not free to leave until she issued a written banning notice against him. *Id.* Plaintiff specifically asked Defendant Anderson whether she was "still detaining [him] for confirming or dispelling suspicions of theft," to which Defendant Anderson responded that she was not. *Id.* She told Plaintiff that she was only holding him to issue the banning notice and then he would be released. *Id.* Once Defendant Anderson issued his written banning notice, Plaintiff was told to leave the store property, which he did without issue.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements

of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [A] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interprets this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That does not mean, however, that a court should "assume the role of advocate for the pro se litigant." *Id.*; *see also*

4

*Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded" (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989))).

## ANALYSIS

Plaintiff's Complaint brings claims against Defendants Anderson and Baker for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. He does not dispute the lawfulness of his initial detainment while Defendant Anderson investigated the theft allegation. Instead, he claims that once Defendant Anderson dispelled any reasonable suspicion for theft, Defendants had no authority to extend his detention for the purpose of issuing a written banning notice. He claims that this extension amounted to an unlawful seizure without reasonable suspicion or probable cause. Defendants seek dismissal of the claims against them on the basis of qualified immunity.

### I.     Qualified Immunity

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly violative at the time of the official's actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmed v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* Overcoming qualified immunity requires the plaintiff to show that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). "[I]f the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016).

The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). The Court begins with determining whether Defendants' conduct violated a clearly established right.

## II.     A Clearly Established Right

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howard*, 566 U.S. 658, 664 (2012)). "We have held that, for a right to be clearly established, 'there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (quoting *Medina v. City of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). Moreover, "existing precedent must have placed the statutory or constitutional question beyond debate." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In this vein, the Court has "repeatedly told [lower] courts . . . not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citation omitted). Specificity is particularly important in the Fourth Amendment context, where courts have recognized that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix*, 577 U.S. at 12 (quoting *Saucier*, 533 U.S. at 205).

Plaintiff claims that it is clearly established that law enforcement may not extend an otherwise lawful investigatory detention for the purpose of issuing a private property trespass notice or ban. However, Plaintiff cites to no on-point Tenth Circuit or Supreme Court opinion to support his assertion. While Plaintiff does cite to cases from other jurisdictions, these cases lack the weight of authority required by the clearly established standard. Indeed, Plaintiff argued this same point and utilized the same authority in this Court's recent decision, *Montgomery v. Gerdjikian*, Civ. No. 1:20-cv-03600-PAB-MEH, ECF 33 (D. Colo. June 23, 2021) (pending recommendation). In that case, Plaintiff brought a claim against several Aurora police officers after they initiated an investigative detention to identify Plaintiff and issue him a one-year ban from a mall's property. *Id.* at 1-3. This Court found that Plaintiff's reliance on multiple Florida cases was misplaced because the relevant trespass notice ordinances were not comparable. *Id.* at 12. Further, *McCall v. Las Vegas Metro. Police Dep't,* No. 2:18-cv-01319-APG-EJY, 2020 WL 1433579 (D. Nev. Mar. 23, 2020), did not show that the law was clearly established because *McCall* was decided after the alleged violation in that case. *Id.* at 13. This reasoning applies with equal force under the current pleadings.

In sum, Plaintiff cannot show how the constitutional right or violation is "beyond debate." *Albada v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016). The cited authority is insufficient to demonstrate that the right is clearly established from the weight of authority from other courts. Plaintiff cites to no other Tenth Circuit or Supreme Court opinion that establishes the right. Without such case law, Defendants would have had no reason to believe that their actions violated Plaintiff's constitutional rights. *Al-Kidd*, 563 U.S. at 741 ("The contours of [a] right [must be] sufficiently clear" that every "reasonable official would have understood that what he is doing violates the right.").

The Court is mindful of the Tenth Circuit's admonition that a plaintiff bears the burden of citing to the Court clearly established law, *see Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010), typically involves plaintiffs who are represented by counsel. *See, e.g., Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016); *Rojas v. Anderson*, 727 F.3d 1000, 1005-06 (10th Cir. 2013); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013). However, the Tenth Circuit has reversed a trial court's dismissal of a pro se plaintiff's excessive force claim—where the trial court found the plaintiff had failed to identify a case demonstrating his right was clearly established—by itself pointing to a Supreme Court case sufficiently similar to the facts alleged and finding the plaintiff's right was clearly established. *See Ali v. Duboise*, 763 F. App'x 645, 651–52 (10th Cir. 2019). Therefore, the Court has conducted an additional inquiry to determine whether the relevant law was clearly established as of the dates of these events and has found no authority concluding that an officer who extends an otherwise lawful investigatory detention for the purpose of issuing a private property trespass notice or ban violates the Fourth Amendment. Absent this clearly established law, Defendants are entitled to qualified immunity. For this reason, the Court recommends granting Defendants' Motion to Dismiss.

**III.    No Leave to Amend**

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. As a general rule, therefore, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110). Here, the dismissal of Plaintiff's claims does

not stem from any pleading deficiency or any oversight in Plaintiff's allegations. Rather, the Court finds, as a matter of law, that Defendants are entitled to qualified immunity for lack of clearly established law. No amendment by Plaintiff would remedy that. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

Plaintiff fails to point to any controlling law, nor is there any clear weight of authority from other jurisdictions, which would indicate to Defendants that it is a clearly established violation of a constitutional right to continue to detain someone in order to issue a private trespass notice. Accordingly, for the reasons stated herein, the Court respectfully recommends **granting** Defendants' Motion to Dismiss [filed January 27, 2022; ECF 13]. The Court further recommends that such dismissal should be with prejudice.[1]

Entered this 7th Day of March, 2021 at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).