IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03191-PAB-MEH

WILLIAM MONTGOMERY,

Plaintiff,

v.

TORI ANDERSON, and
SCOTT BAKER,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 19]. The Recommendation addresses defendants' Motion to Dismiss [Docket No. 13]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of plaintiff shopping at Walmart on November 26, 2019. *See generally* Docket No. 1. The facts are set forth in the magistrate judge's recommendation, Docket No. 19 at 1-2, and the Court adopts these facts for the purposes of ruling on the objections.

On November 26, 2021, plaintiff filed suit. *See* Docket No. 1. The complaint

---

[1] The Court assumes that the allegations in plaintiff's complaint, Docket No. 1, are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

brings one claim for a Fourth Amendment violation due to unreasonable seizure. Docket No. 1 at 7-8. Defendants filed a motion to dismiss plaintiff's claim based on qualified immunity. *See* Docket No. 13. Magistrate Judge Hegarty issued a recommendation on defendants' motion on March 7, 2022. *See* Docket No. 19. Plaintiff filed an objection, *see* Docket No. 20, and defendants responded to the objection. Docket No. 21.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the

facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

**C. Qualified Immunity**

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs*., 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound

discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

**III. ANALYSIS**

The magistrate judge recommends granting defendants' motion to dismiss and finding that defendants are entitled to qualified immunity because it was not clearly established that law enforcement may not extend an investigatory detention for the purpose of issuing a private property trespass notice or ban. Docket No. 19 at 7-8. The magistrate judge additionally recommends that plaintiff not be granted leave to amend the complaint. *Id.* at 8-9.

Plaintiff makes two objections: (1) it is clearly established that there is no reasonable suspicion to detain a person for criminal trespassing before he or she is warned to not return, and (2) it is clearly established that it is unreasonable to continue to detain a person when there is no longer reasonable suspicion. Docket No. 20.

The Court addressed these same issues in *Montgomery v. Gerdjikian*, No. 20-cv-03600-PAB-MEH, 2022 WL 795621 (D. Colo. Mar. 16, 2022), *appeal docketed*, No. 22-1126 (10th Cir. Apr. 19, 2022). In that case, plaintiff challenged his detention by Aurora police officers in order to issue him a written notice banning him from the Town Center at Aurora Mall. *Gerdjikian*, 2022 WL 795621, at *3. The Court analyzed Aurora Municipal Code § 94-71(a)(2), which is also at issue in this case. *Id.* at *3-4. The Court held that it was not clearly established that defendants could not detain plaintiff while issuing him a trespass notice pursuant to an ordinance that permitted law enforcement to issue written trespass notices. *Id.* The Court came to this conclusion because (1)

plaintiff had not carried his burden to identify Supreme Court or Tenth Circuit cases finding that his alleged Fourth Amendment right is clearly established; (2) even if the Court considered the non-binding district court cases cited by plaintiff, the Court found them distinguishable; and (3) the Court's own review did not locate any opinions that would support finding the right clearly established. *Id.* Plaintiff's objection to the magistrate judge's recommendation in this case has the same flaws. The analysis in *Gerdjikian* applies equally to this case, and the Court incorporates its reasoning by reference. *See Gerdjikian*, 2022 WL 795621, at *3-4. Accordingly, the Court will overrule plaintiff's objections.

Plaintiff does not object to the magistrate judge's conclusion that he should not be granted leave to amend. In the absence of an objection, the Court has reviewed this portion of the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation to Grant Defendants' Motion to Dismiss [Docket No. 20] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 19] is **ACCEPTED.** It is further

**ORDERED** that defendants' Motion to Dismiss Complaint [Docket No. 13] is **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED with prejudice**.

DATED August 22, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge