IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03191-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

TORI ANDERSON, and
SCOTT BAKER,

    Defendants.

---

**ORDER**

---

The matter before the Court is plaintiff's Motion for Extension of Time to File Notice of Appeal [Docket No. 32]. The Court ordered the defendants to file a response. Docket No. 33. The defendants responded to plaintiff's motion on November 1, 2022. Docket No. 34. Because plaintiff is proceeding pro se, the Court will construe his pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    I.    **BACKGROUND**

The timeline for filing a notice of appeal in a civil case is governed by Federal Rule of Appellate Procedure 4(a), which states that the notice of appeal must be filed "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The Court dismissed this case with prejudice and entered final judgment on August 22, 2022. Docket No. 24. An appealing party therefore had until September 21, 2022 to file a notice of appeal. Plaintiff emailed his notice of appeal

to the district court clerk's *pro se* email address, COD_ProSe_Filing@cod.uscourts.gov, at 10:10 p.m. on September 21, 2022.  Docket No. 28 at 2, ¶ 1; Docket No. 28-1 at 1.  The notice of appeal was docketed by the clerk's office on September 22, 2022 at 10:14 a.m.  Docket No. 25 at 1.  On September 23, 2022, the Tenth Circuit Court of Appeals issued a jurisdictional show cause order challenging the timeliness of plaintiff's notice of appeal.  *See* Docket No. 34-1.

Plaintiff subsequently filed an Unopposed Motion to Reflect Original Filing Date, asking this Court to change the filing date from September 22 to September 21, 2022 to "reflect the true and correct date on which Plaintiff first electronically filed it."  Docket No. 28 at 1, 3.  The Court denied plaintiff's motion, explaining that the court's filing instructions for pro se parties "states that 'email filings received by the Clerk's Office after 5:00 pm will be filed the next business day.'"  Docket No. 30 at 2 (quoting Email Filing Procedures for Unrepresented Parties, referenced via hyperlink in D.C.COLO.LCivR 5.1(b)(3)).  The Court found that, "[b]ecause Mr. Montgomery's email was received after 5:00 p.m. on September 21, 2022, his notice of appeal was properly filed on the next business day, September 22, 2022."  *Id*.  On October 21, 2022, plaintiff filed a motion for an extension of time pursuant to Fed. R. App. P. 4(a)(5)(A) to file his notice of appeal.  Docket No. 32.

II.     **LEGAL STANDARD**

The time limit for filing a notice of appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 264 (1978); *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).  In a civil case, the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

Fed. R. App. P. 4(a)(1)(A).  The district court may extend the time upon a showing of "excusable neglect or good cause" if a party moves for an extension no later than thirty days after the appeal time has expired.  Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

In analyzing whether the movant has demonstrated "excusable neglect," the court considers: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Bishop*, 371 F.3d at 1206.  The Tenth Circuit has held that the third factor is "perhaps the most important single factor" in the excusable neglect analysis.  *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).  The "time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'"  *Bishop*, 371 F.3d at 1206-07 (quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).

"Good cause" under Rule 4(a)(5)(A)(ii) encompasses a narrower range of situations, where the excusable neglect analysis is inappropriate.  *Bishop*, 371 F.3d at 1207.  Good cause arises "in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  *Id*. (citing Fed. R. App. P. 4(a)(5), advisory committee's note (2002 Amendments)).

### III.     ANALYSIS

The Court entered final judgment in this case on August 22, 2022.  Docket No. 24.  An appealing party therefore had until September 21, 2022 to file a notice of

appeal. Plaintiff's notice of appeal was untimely because it was filed on September 22, 2022. *See* Docket No. 25 at 1. Plaintiff filed a motion for an extension of time to file his notice of appeal on October 21, 2022. Docket No. 32. Plaintiff's motion for an extension is timely under Rule 4(a)(5)(A)(i) because it was filed within thirty days of September 21, 2022. *See* Fed. R. App. P. 4(a)(5)(A)(i).

In his motion, plaintiff argues that the Court should grant an extension of time to file the notice of appeal due to excusable neglect or good cause. Docket No. 32 at 2-3, ¶¶ 4, 6. Plaintiff states that he was "wholly unaware" of the district court's policies regarding the filing of pro se documents sent via email. *Id*. at 2, ¶ 5. Plaintiff argues that he was "led on" by the Court in his misunderstanding of the procedural rules because the Court had previously granted similar motions to change the filing date for his other filings sent via email. *Id*. Plaintiff argues that the following excusable neglect factors weigh heavily in his favor, including "the length of the delay and the delay's potential impact on judicial proceedings, the danger of prejudice to the non-moving party, and whether the movant acted in good faith." *Id*. at 2-3, ¶ 6 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

The Court finds that plaintiff has not established good cause or excusable neglect for an extension of time to file an appeal. The good cause standard is inapplicable because plaintiff does not allege that forces outside of his control caused the delay; he instead claims to have misunderstood the Court's procedural rules. *See Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014) (unpublished) (holding that the district court properly applied the excusable neglect standard, not the good cause standard, when the plaintiff alleged ignorance of procedural rules).

Applying the excusable neglect factors, the Court finds that the factors weigh against granting plaintiff an extension of time.  The defendants concede, and the Court agrees, that there has been a minimal length of delay, as well as minimal prejudice to defendants due to plaintiff's one day delay in filing his notice of appeal.  *See* Docket No. 34 at 4.  The Court finds that the good faith factor does not weigh in favor of one side or the other.  Plaintiff explains that he was "innocently" and "wholly unaware" of the procedural rules because the magistrate judge had previously granted similar motions to change the filing date of his filings.  Docket No. 32 at 2, ¶ 5.  However, in filing the present motion, plaintiff failed to comply with D.C.COLO.LCivR 7.1, which requires conferral with opposing counsel before filing a motion.  Plaintiff did not provide a certificate of conferral, *see generally* Docket No. 32, and allegedly did not confer with defendants.  Docket No. 34 at 4.  The failure to confer on this motion could be considered bad faith.  *See Park v. Fiserve Trust Corp.,* No. 10–cv–00189–PAB–CBS, Docket No. 86 at 4, adopted at Docket No. 93.

Even if these three factors – length of delay, prejudice to defendants, and good faith – all weigh in plaintiff's favor, plaintiff has not shown a valid reason for the delay, which is "perhaps the most important single factor."  *See Magraff*, 217 F. App'x at 761 (quoting *City of Chanute*, 31 F.3d at 1046).  Plaintiff's reason for the delay is that he was "inadvertently, innocently, and wholly unaware" of the email procedural rules.  Docket No. 32 at 2, ¶ 5.  However, plaintiff's claim is contradicted by his past representations to the Court.  Plaintiff's Unopposed Motion to Reflect Original Filing Date for his notice of appeal acknowledged "new email-based filing procedures that have recently been put in place by General Order 2020-10."  Docket No. 28 at 1.  The

5

general order instructs pro se parties that, "for the duration of this order, the Court will accept filings from unrepresented parties via email *in compliance with procedures published by the Clerk of the Court*." General Order 2020-10 (emphasis added). The clerk's office published these procedures, entitled "Email Filing Procedures for Unrepresented Parties," on the Court's website. *See* Email Filing Procedures for Unrepresented Parties, referenced via hyperlink in D.C.COLO.LCivR 5.1(b)(3). [1] Plaintiff's email submission to the clerk's office in fact complied with all the requirements in the email filing procedures. *See id*.; Docket No. 28-1.[2] Plaintiff's claim that he was "wholly unaware" of the email filing procedures is not credible given that his email submission complied with those very procedures and he acknowledged awareness of General Order 2020-10.

Even if plaintiff misunderstood the 5:00 p.m. filing deadline, such misunderstanding would not constitute a valid reason for the delay. Courts have consistently held that ignorance of procedural rules does not constitute excusable

---

[1] The clerk's office directs unrepresented parties to the "Representing Yourself" section of the Court's website, which contains the email filing procedures. *See* "Representing Yourself," United States District Court for the District of Colorado, http://www.cod.uscourts.gov/RepresentingYourself.aspx (last accessed Nov. 3, 2022). The clerk's office also instructs unrepresented parties, typically verbally, to review the email filing procedures before sending filings over email.

[2] The Email Filing Procedures for Unrepresented Parties contains one page of directions for pro se parties who elect to send filings over email, including that the party must: (i) email the filings to COD_ProSe_Filing@cod.uscourts.gov; (ii) with the email subject line of "PRO SE FILING – [include the case number];" and (iii) attach any documents as PDFs or word documents. *See* Email Filing Procedures for Unrepresented Parties, referenced via hyperlink in D.C.COLO.LCivR 5.1(b)(3). Plaintiff complied with all these requirements. Plaintiff emailed his filing to COD_ProSe_Filing@cod.uscourts.gov. Docket No. 28-1. Plaintiff used the email subject line of "PRO SE FILING -- 1:21-cv-03191-PAB-MEH." *Id*. Plaintiff also attached his notice of appeal as a PDF. *See id*. Plaintiff's motion further states that "[a]ttached to [his] email were all the necessary PDF documents, as per the Clerk's *pro se* instructions." Docket No. 28 at 2, ¶ 1.

neglect.  See *Magraff*, 217 F. App'x at 761; *Goldwyn*, 562 F. App'x at 658; *City of Chanute*, 31 F.3d at 1046; *Harper v. Guthrie*, 695 F. App'x 416, 417 (10th Cir. 2017); *Pioneer Inv. Serv. Co,* 507 U.S. at 392 & n.9.  In a previous case where plaintiff moved for an extension of time to file a notice of appeal, Judge Blackburn informed the plaintiff that "[t]he failure to comprehend the import of the applicable rules . . . [or] a mistaken belief that a different set of procedural rules is applicable – is insufficient to demonstrate either good cause or excusable neglect, even where the movant is proceeding *pro se*."  *Montgomery v. Chernak,* No. 18-cv-00217-REB-KLM, Docket No. 54 at 3.  "Although we construe [plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

   The Court also rejects plaintiff's argument that he should be granted an extension of time to file the notice of appeal because he was "led on" by the Court in his misunderstanding of the procedural rules.  See Docket No. 32 at 2, ¶ 5.  Plaintiff argues he was "led on" by the Court because the magistrate judge granted "**FOURTEEN** 100% identical MOTIONS TO REFLECT ORIGINAL FILING DATE."  *Id*. (emphasis in original).  In reviewing the docket, none of plaintiff's other motions involved changing the filing date of a notice of appeal.[3]  The timely filing of a notice of appeal is "mandatory and

---

[3] The other motions requested that the Court change the filing date of complaints, amended complaints, responses to motions to dismiss, and objections to magistrate judge recommendations.  See *Montgomery v. Holweger*, No. 20-cv-01049-PAB-MEH, Docket No. 4 (motion to change the date of a complaint); *Montgomery v. Cruz, et al.*, No. 20-cv-03189-PAB-MEH, Docket No. 8 (motion to change the date of a complaint); *id.*, Docket No. 38 (motion to change the date of a response to a motion to dismiss); *id.*, Docket No. 54 (motion to change the date of an objection); *Montgomery v. Wells*, No. 20-cv-03472-PAB-MEH, Docket No. 5 (motion to change the date of a complaint); *id.*, Docket No. 25 (motion to change the date of an amended complaint); *id.*, Docket No. 39

7

jurisdictional." *Browder,* 434 U.S. at 264.  Thus, the rulings on his other motions are procedurally distinct and could not have "lead him on" here.  Additionally, plaintiff acknowledged in another case that he "understands that a Notice of Appeal is required to be filed within *30 days* of a final judgment."  *Chernak,* No. 18-cv-00217-REB-KLM, Docket No. 52 at 2.  As the Tenth Circuit has noted, a notice of appeal is "a simple document to prepare," *Magraff,* 217 F. App'x at 761, and therefore plaintiff could have filed his notice of appeal at any time within thirty days of judgment.  Consequently, the Court finds no excusable neglect to justify granting plaintiff an extension of time.

Plaintiff has not demonstrated good cause or excusable neglect for an extension of time to file an appeal, and therefore, the Court finds no basis to grant plaintiff's motion under Fed. R. App. P. 4(a)(5)(A).

---

(motion to change the date of an objection); *Montgomery v. Gerdjikian, et al.*, No. 20-cv-03600-PAB-MEH, Docket No. 5 (motion to change the date of a complaint); *id*., Docket No. 24 (motion to change the date of an amended complaint); *id*., Docket No. 40 (motion to change the date of an objection); *Montgomery v. Lore*, No. 21-cv-02553-PAB-MEH, Docket No. 4 (motion to change the date of a complaint); *id*., Docket No. 28 (motion to change the date of a response to a motion to dismiss); *Montgomery v. Anderson, et al*., No. 21-cv-03191-PAB-MEH, Docket No. 5 (motion to change the date of a complaint); *Montgomery v. Cohn, et al*., No. 22-cv-00011-PAB-MEH, Docket No. 16 (motion to change the date of a complaint).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Extension of Time to File Notice of Appeal [Docket No. 32] is **DENIED**.

DATED November 7, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge